1
2
3
4
5
6
7
8                         **UNITED STATES DISTRICT COURT**

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    RICARDO SALVADOR GONZALEZ,              Case No.  1:25-cv-00386-BAM (PC)

12                    Plaintiff,              ORDER DIRECTING CLERK OF COURT TO
                                              RANDOMLY ASSIGN DISTRICT JUDGE TO
13          v.                                ACTION

14    CHAVEZ, *et al.*,                       FINDINGS AND RECOMMENDATIONS
                                              REGARDING DISMISSAL OF CERTAIN
15                    Defendants.             CLAIMS AND DEFENDANTS

16                                            (ECF Nos. 6, 11)

17                                            **FOURTEEN (14) DAY DEADLINE**

18

19    **I.    Background**

20          Plaintiff Ricardo Salvador Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and

21    *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

22          On September 25, 2025, the Court screened the first amended complaint and found that

23    Plaintiff stated a cognizable claim against Defendant I. Chavez for excessive force in violation of

24    the Eighth Amendment for the punch when Plaintiff was first put in the cage as Plaintiff was

25    trying to sit down, but failed to state any other cognizable claims for relief against any other

26    defendant.  (ECF No. 9.)  The Court ordered Plaintiff to either file a second amended complaint

27    or notify the Court of his willingness to proceed only on the cognizable claim identified by the

28    Court.  (*Id.*)  On November 12, 2025, Plaintiff notified the Court that he does not wish to file a

                                              1

1  second amended complaint and is willing to proceed only on his claim against Defendant I.

2  Chavez.  (ECF No. 11.)

3  **II.     Screening Requirement and Standard**

4       The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9       A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

13  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16       To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22       **A.     Allegations in Complaint**

23       Plaintiff is currently housed at Wasco State Prison.  The events in the complaint are

24  alleged to have occurred while Plaintiff was a prisoner of the State of California in the custody of

25  the California Department of Corrections but in custody at the Fresno County Jail.  Plaintiff

26  names I. Chavez Valverde,[1] correctional officer, as the sole defendant.

27  _____

[1] The complaint's caption must contain the names of the defendants discussed in the body of the complaint.  *See* Fed.
28  R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint).
The caption identifies defendant "I. Chavez," while the body of the complaint refers to "I. Chavez Valverde."  In

Plaintiff alleges excessive force, deliberate indifference to medical needs, and unsafe conditions.  Plaintiff alleges he was in general population in AJ3d floor.  Fifteen minutes after being placed in the pod, Plaintiff believed his safety was at risk by other inmates wanting to fight Plaintiff.  Plaintiff pressed the emergency button for the tower officer to tell the tower officer that Plaintiff's safety was at risk.  Two officers escorted Plaintiff out of the pod and to AJ2nd floor to a room called TTM Room.  Officer I. Chavez Valverde placed Plaintiff in the holding cell.  Plaintiff went to sit on the seat, turning counter clockwise.  As Plaintiff was doing so, Officer I. Chavez Valverde punched Plaintiff in the face on the left side of Plaintiff's forehead.  When Plaintiff realized the officer had punched Plaintiff, Plaintiff still remained calm.  Plaintiff was not sure if the officer expected Plaintiff to react.

Plaintiff waited for mental health to come speak to him.  Sarah, a Mental Health clinician, spoke to Plaintiff and said "Gonzalez, I see you are coming down on drugs because I see that you recently were arrested.  Did you take your following medications."  Plaintiff said that his safety was at risk by the officers that escorted Plaintiff as well as the other inmates where Plaintiff was housed.   Plaintiff said that he felt unsafe and that Plaintiff is not trying to fight but if Plaintiff's safety is at risk, Plaintiff will fight back.  Plaintiff said that he had been assaulted by Officer I. Chavez.

On information and belief, Officer R. Frausto said that Sarah was saying that Plaintiff was wanting to fight jail officials.  Plaintiff alleges, and it is unclear what Plaintiff means by this sentence: "If she said and told jail officials my question is why clear me and put jail officials at risk and harm?" Why not cuff Plaintiff through the hatch and why would Plaintiff want to pick up a new charge.

When Officer I. Chavez Valverde unlocked the cage, Plaintiff stepped out of the cage with his hands behind his back.  Officer R. Frausto was in front of Plaintiff, and Plaintiff was in the middle followed by Officer I. Chavez Valverde in back of Plaintiff.  Plaintiff feared for his safety from the officer behind him.  Plaintiff slightly turned his head to see behind Plaintiff and doing so, saw Officer I. Chavez Valverde going for a swing punching Plaintiff in the face again.

---

addition, the first amended complaint no longer lists Officer Frasco as a defendant.

1    Plaintiff acted in self-defense not knowing what to do so Plaintiff fought back.  While doing so,

2    Plaintiff grabbed Officer R. Frausto by his testicles not wanting to hit him but wanting to detain

3    him so Plaintiff would not get beat up by both officers.  Plaintiff was thrown on the ground and

4    Officer I. Chavez began beating Plaintiff up.  Plaintiff was being punched several times in the

5    face.  Plaintiff saw a flashlight on the ground and used it by hitting him three to four times on the

6    face.  Plaintiff saw him bleeding from the mouth.  Plaintiff let go of the flashlight and put his

7    hands behind his back.  He gained possession of the flashlight and started bashing Plaintiff

8    repeatedly on his face giving Plaintiff a fractured nose, which needed several stitches and stitches

9    on Plaintiff's left cheek and forehead.

10         As remedies, Plaintiff seeks a declaration of rights, preliminary and permanent injunction,

11    and compensatory and punitive damages.

12         **B.    Discussion**

13         Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to

14    state a cognizable claim under 42 U.S.C. § 1983, except as noted below.

15              **1.    Federal Rule of Civil Procedure 8 and Linkage**

16         Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

17    showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

18    are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

19    conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

20    set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

21    its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

22    are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

23    572 F.3d at 969.

24         Except as explained below, Plaintiff's complaint fails to state a claim.  Plaintiff's

25    complaint must include factual allegations identifying what happened, when it happened and who

26    was involved. Fed. R. Civ. P. 8.

27    ///

28    ///

4

1

2.        **Eighth Amendment**

2

a.        <u>Excessive Force</u>

3        It appears Plaintiff was a convicted prisoner in the custody at the Fresno County Jail.

4    Accordingly, the Eighth Amendment applies to the use of force.  The Eighth Amendment protects

5    prisoners from inhumane methods of punishment and from inhumane conditions of confinement.

6    *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  The unnecessary and wanton

7    infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.

8    *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  Although prison conditions may

9    be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter,

10    sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994)

11    (quotations omitted).

12        "[W]henever prison officials stand accused of using excessive physical force in violation

13    of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-

14    faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

15    *Hudson*, 503 U.S. at 6–7.  Relevant factors for this consideration include "the extent of

16    injury . . . [,] the need for application of force, the relationship between that need and the amount

17    of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made

18    to temper the severity of a forceful response.'"  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321

19    (1986)).  Finally, because the use of force relates to the prison's legitimate penological interest in

20    maintaining security and order, the court must be deferential to the conduct of prison officials.

21    *See Whitley*, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a

22    federal cause of action."  *Hudson*, 503 U.S. at 9.  De minimis uses of physical force do not violate

23    the constitution provided that the use of force is not of a sort "repugnant to the conscience of

24    mankind."  *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

25        Plaintiff states a cognizable excessive force claim against I. Chavez for the punch when

26    Plaintiff was first put in the cage as Plaintiff was trying to sit down.  Plaintiff fails to state a

27    cognizable claim for the force used during the escort.  Plaintiff states he turned his head in the

28    direction of the officer during the escort.  "An immediate threat might be indicated by a furtive

movement, harrowing gesture, or serious verbal threat." *Calonge v. City of San Jose*, 104 F.4th 39, 46 (9th Cir. 2024). Plaintiff was hit then taken to the ground. Plaintiff further alleges that he fought back during the struggle, injuring the officer such that the officer was bleeding. Plaintiff does not have a constitutional right to fight a correctional officer.

### b.    Failure to Protect

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

It is unclear from the allegations if Plaintiff is claiming that any defendant failed to protect Plaintiff during the beating.

### c.    Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty., Ariz.*, 609

1   F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is

2   shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible

3   medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.

4        Negligence or medical malpractice do not rise to the level of deliberate indifference.

5   *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).

6   "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition

7   does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical

8   malpractice does not become a constitutional violation merely because the victim is a prisoner."

9   *Estelle*, 429 U.S. at 106; *see also Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

10  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.

11  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere

12  disagreement with diagnosis or treatment does not support a claim of deliberate indifference.

13  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

14       Plaintiff fails to include any facts that he was denied or delayed medical care and any

15  named defendant was responsible for denying or delaying needed care.

16                **3.      Declaratory Relief**

17       To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary.  "A

18  declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

19  judicial discretion, exercised in the public interest."  *Eccles v. Peoples Bank of Lakewood Village*,

20  333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

21  purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

22  afford relief from the uncertainty and controversy faced by the parties."  *United States v.*

23  *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns

24  a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional

25  rights were violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is

26  unnecessary.

27  ///

28  ///

1              **4.**      **Injunctive Relief**

2              Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

3 Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is

4 narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

5 and is the least intrusive means necessary to correct the violation of the Federal right."  In cases

6 brought by prisoners involving conditions of confinement, any injunction "must be narrowly

7 drawn, extend no further than necessary to correct the harm the court finds requires preliminary

8 relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

9 Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond

10 maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a

11 preliminary injunction and should not grant such relief unless the facts and law clearly favor the

12 plaintiff."  *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting

13 *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

14 **III.**      **Conclusion and Recommendation**

15              Based on the above, the Court finds that Plaintiff's first amended complaint states a

16 cognizable claim against Defendant I. Chavez for excessive force in violation of the Eighth

17 Amendment for the punch when Plaintiff was first put in the cage as Plaintiff was trying to sit

18 down.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against

19 any other defendants.

20              Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

21 District Judge to this action.

22              Furthermore, it is HEREBY RECOMMENDED that:

23     1.   This action proceed on Plaintiff's first amended complaint, filed May 12, 2025, (ECF No.

24           6), against Defendant I. Chavez for excessive force in violation of the Eighth Amendment

25           for the punch when Plaintiff was first put in the cage as Plaintiff was trying to sit down;

26           and

27     2.   All other claims and defendants be dismissed based on Plaintiff's failure to state claims

28           upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**November 13, 2025**__          ___/s/ *Barbara A. McAuliffe*___
                                             UNITED STATES MAGISTRATE JUDGE