# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO SALVADOR GONZALEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>CHAVEZ, *et al.*,<br><br>            Defendants. | Case No.  1:25-cv-00386-KES-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 14) |

Plaintiff Ricardo Salvador Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 13, 2025, the undersigned issued findings and recommendations that this action proceed on Plaintiff's first amended complaint against Defendant I. Chavez for excessive force in violation of the Eighth Amendment for the punch when Plaintiff was first put in the cage as Plaintiff was trying to sit down, and that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (ECF No. 13.)  Those findings and recommendations are pending before the assigned District Judge.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed December 1, 2025.  (ECF No. 14.)  Plaintiff states that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues involved in this case are complex and will require significant research and investigation, Plaintiff has limited access to the law library and limited knowledge of the law, and a trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

1  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
2  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
3  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
4  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
5  1525.

6        Without a reasonable method of securing and compensating counsel, the Court will seek
7  volunteer counsel only in the most serious and exceptional cases.  In determining whether
8  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
9  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
10 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

11       The Court has considered Plaintiff's request, but does not find the required exceptional
12 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
13 would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
14 almost daily by prisoners who must also conduct legal research with limited access to a law
15 library and without the assistance of counsel.

16       Furthermore, at this stage in the proceedings, the Court cannot make a determination that
17 Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint was screened and
18 found to state a cognizable claim, this does not mean that Plaintiff's claims are likely to succeed
19 on the merits.  Finally, based on a review of the record in this case, the Court does not find that
20 Plaintiff cannot adequately articulate his claims.

21       Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 14), is HEREBY
22 DENIED, without prejudice.

23
24 IT IS SO ORDERED.

25    Dated:  **December 3, 2025**                    /s/ *Barbara A. McAuliffe*
26                                                             UNITED STATES MAGISTRATE JUDGE
27
28