**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO SALVADOR GONZALEZ, | Case No. 1:25-cv-0386 KES BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION AND CONSTRUING THE EXCESSIVE FORCE CLAIM AS RAISED UNDER THE FOURTEENTH AMENDMENT |
| v. | |
| CHAVEZ, *et al.*, | |
| Defendants. | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| | Doc. 24 |

Plaintiff Ricardo Salvador Gonzalez asserts that he suffered violations of his civil rights while in custody at Fresno County Jail. He proceeds pro se in this action pursuant to 42 U.S.C. § 1983. Gonzalez seeks reconsideration of the order dismissing certain claims and defendants, issued January 13, 2026. Doc. 24. He also requests the appointment of counsel. *Id.*

**I.    Background**

On September 25, 2025, the magistrate judge screened the first amended complaint and found Gonzalez stated a cognizable claim against I. Chavez for excessive force in violation of the Eighth Amendment. Doc. 9. The magistrate judge found plaintiff failed to state any other cognizable claims. *Id.* The Court ordered Gonzalez to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. *Id.* On November 12, 2025, Gonzalez notified the Court that he did not wish to file a

1

second amended complaint and that he would proceed on his claim against Chavez.  Doc. 11.

On November 13, 2025, the magistrate judge issued findings and recommendations, reiterating the findings of the screening order and recommending that the action proceed on the cognizable claim against Chavez.  The magistrate judge recommended other claims and defendants be dismissed from the action.  Doc. 13 at 2-8.  The Court informed Gonzalez that any objections to the findings and recommendations were due within 14 days.  *Id.* at 9.  He did not file objections.  On January 13, 2026, the Court performed a de novo review of the matter and adopted the findings and recommendations.  Doc. 16.

## II.    Request for Reconsideration

Gonzalez seeks reconsideration of the "dismissal of certain claims and defendant."  Doc. 24 at 1-2.  Gonzalez asserts he needs clarification because he was unaware of the legal language and was trying to preserve his rights if this matter goes to trial.  *Id.* at 2.  Gonzalez also wishes to clarify that his due process rights under the Fourteenth Amendment were violated, given his status as a pretrial detainee.  *Id.* at 4-5.  Gonzalez clarified that he was being held in pre-trial custody at the Fresno County Jail, although it appears he had been transferred there from CDCR custody.  *See* Docs. 1, 24.  Defendant opposes the request for reconsideration, to the extent Gonzalez is seeking to amend his complaint to add a new cause of action under the Fourteenth Amendment.  Doc. 26.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court, and permits a district court to relieve a party from a final order or judgment "for the following reasons":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

2

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citations omitted, emphasis in original).

Upon review of the first amended complaint ("FAC"), the Court finds reconsideration is appropriate, given Gonzalez's reported status as a pre-trial detainee at Fresno County Jail. Gonzalez was previously found to have stated a claim for excessive force against I. Chavez under the Eighth Amendment.  But if Gonzalez's status at the Fresno County Jail was as a pre-trial detainee, then his claim would arise under the Fourteenth Amendment.  Gonzalez asserted in the FAC that his claims were raised under the Eighth Amendment, and the Court analyzed his claims under that amendment.  *See* Doc. 6 at 5; Doc. 13 at 5-7; Doc. 16 at 2.  But "constitutional questions regarding the conditions and circumstances" for the confinement of pretrial detainees "are properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment."  *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

The Court is required to liberally construe the claims of a pro se litigant.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Further, "a pro se complaint, however inartfully pleaded,

3

must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011).  To cure a pleading defect by a pro se litigant, the Court may construe a claim raised under the Eighth Amendment as a claim under the Fourteenth Amendment.  *See Laigo v. King County*, 829 Fed. App'x 232, 233 (9th Cir. 2020) ("Because Laigo is a pro se prisoner, we liberally construe his pleadings as though they *had* properly alleged Fourteenth Amendment violations") (emphasis in original).  For this reason, given Gonzalez's assertion that he was in pretrial detention at Fresno County Jail, *see* Doc. 24, the Court will construe his claim as raised under the Fourteenth Amendment.

Excessive force claims brought by pretrial detainees under the Fourteenth Amendment are evaluated under the "objectively unreasonable" standard.  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  As the Court previously determined that Gonzalez stated a claim for violation of the Eighth Amendment—which provides a minimum standard for treatment—the allegations are likewise sufficient to state a claim under the Fourteenth Amendment.  *See Kingsley*, 576 U.S. at 397; *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003) ("even though the pretrial detainees' rights arise under the Due Process Clause, the guarantees of the Eighth Amendment provide a *minimum standard of care* for determining their rights") (emphasis in original).  The action shall proceed on the excessive force claim against Chavez, as construed under the Fourteenth Amendment.

To the extent Gonzalez seeks reconsideration of the dismissal of his claims related to failure to protect and failure to provide medical care, he fails to identify any facts in his motion that warrant such relief.  As the Court previously determined, Gonzalez did not clearly allege that the defendants failed to protect him during the identified incident.  *See* Doc. 13 at 6.  Similarly, the FAC did not include any allegations that Gonzalez "was denied or delayed medical care" or that "any named defendant was responsible for denying or delaying needed care." *Id.* at 7.  These deficiencies remain true, even construing the claims under the Fourteenth Amendment.  Consequently, the Court declines to revive the dismissed claims.

///

///

4

**III.     Request for Appointment of Counsel**

Gonzalez does not have a constitutional right to appointed counsel in this civil action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).  The Court cannot require an attorney to represent Gonzalez pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to Section 1915(e)(1).  *Rand*, 113 F.3d at 1525.  Upon review of the record, it appears thus far that Gonzalez is capable of adequately articulating his claims and arguments without the assistance of counsel.  At this time, Gonzalez has not established exceptional circumstances warranting the appointment of counsel.

**IV.     Conclusion**

Based upon the foregoing, the Court **ORDERS**:

1.     Plaintiff's motion for reconsideration is **GRANTED** in part.

2.     The action **SHALL** proceed on the claim against I. Chavez for excessive force, construed under the Fourteenth Amendment.

3.     The Court **DENIES** any request to revive the dismissed claims and defendants.

4.     Plaintiff's motion for appoint of counsel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   __April 21, 2026__

_____
UNITED STATES DISTRICT JUDGE

5