# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO SALVADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CHAVEZ, *et al.*,<br><br>Defendants. | Case No.  1:25-cv-00386-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT IVAN CHAVEZ-VALVERDE'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 30)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### <u>FINDINGS AND RECOMMENDATIONS</u>

**I.    Background**

Plaintiff Ricardo Salvador Gonzalez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffered violations of his civil rights while in custody at the Fresno County Jail.  This action proceeds against Defendant I. Chavez-Valverde for excessive force in violation of the Fourteenth Amendment.

On May 22, 2026, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit as required by the prison Litigation Reform Act, 42 U.S.C. ¶ 1997e(a).  (ECF No. 30.)  In the Court's second informational order, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154

1

F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 31.)  Plaintiff's opposition was due on or before June 22, 2026.  (*Id.*)  Plaintiff did not file an opposition.

The motion for summary judgment is deemed submitted.  Local Rule 230(l).

## II.    Defendant's Motion for Summary Judgment

### A.  Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1152, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him.  *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of exhaustion remains with Defendant.  *Id.* (quotation marks omitted).

///

2

**B.  Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  *Id.* at 1166.

**C.  Discussion**

**A.  Relevant Allegations in the First Amended Complaint**

Plaintiff alleges he was in general population in AJ3d floor.  Fifteen minutes after being placed in the pod, Plaintiff believed his safety was at risk by other inmates wanting to fight Plaintiff.  Plaintiff pressed the emergency button to tell the tower officer that Plaintiff's safety was at risk.  Two officers escorted Plaintiff out of the pod and to AJ2nd floor to a room called TTM Room.  Officer I. Chavez Valverde placed Plaintiff in the holding cage.  Plaintiff went to sit

3

on the seat, turning counter clockwise.  As Plaintiff was doing so, Officer I. Chavez Valverde punched Plaintiff in the face on the left side of Plaintiff's forehead.  When Plaintiff realized the officer had punched him, Plaintiff still remained calm.  Plaintiff was not sure if the officer expected Plaintiff to react.

Plaintiff waited for mental health to come speak to him.  Sarah, a Mental Health clinician, spoke to Plaintiff and said "Gonzalez, I see you are coming down on drugs because I see that you recently were arrested.  Did you take your following medications?"  Plaintiff said that his safety was at risk by the officers that escorted Plaintiff as well as the other inmates where Plaintiff was housed.   Plaintiff said that he felt unsafe in his current housing and that he is not trying to fight but if his safety is at risk, Plaintiff will fight back.  Plaintiff explained that he had been assaulted by Officer I. Chavez Valverde.

On information and belief, Officer R. Frausto said that Sarah was saying that Plaintiff was wanting to fight jail officials.  Plaintiff alleges, and it is unclear what Plaintiff means by this sentence: "If she said and told jail officials my question is why clear me and put jail officials at risk and harm?" Why not cuff Plaintiff through the hatch and why would Plaintiff want to pick up a new charge.

When Officer I. Chavez Valverde unlocked the cage, Plaintiff stepped out of the cage with his hands behind his back.  Officer R. Frausto was in front of Plaintiff, and Plaintiff was in the middle followed by Officer I. Chavez Valverde.  Plaintiff feared for his safety from the officer behind him.  Plaintiff slightly turned his head to see behind him and doing so, saw Officer I. Chavez Valverde going for a swing punching Plaintiff in the face again.  Plaintiff acted in self-defense not knowing what to do so Plaintiff fought back.  While doing so, Plaintiff grabbed Officer R. Frausto by his testicles, not wanting to hit him but wanting to detain him so Plaintiff would not get beat up by both officers.  Plaintiff was thrown on the ground and Officer I. Chavez began beating Plaintiff up.  Plaintiff was being punched several times in the face.  Plaintiff saw a flashlight on the ground and used it by hitting him three to four times on the face.  Plaintiff saw him bleeding from the mouth.  Plaintiff let go of the flashlight and put his hands behind his back. He gained possession of the flashlight and started bashing Plaintiff repeatedly on his face giving

4

Plaintiff a fractured nose, which needed several stitches and stitches on Plaintiff's left cheek and forehead.

The action proceeds against Defendant for excessive force in violation of the Fourteenth Amendment for the punch when Plaintiff was first put in the cage as Plaintiff was trying to sit down.  (*See* ECF Nos. 16, 27.)

### B.  Undisputed Material Facts[1]

Plaintiff filed his first amended complaint on May 12, 2025, alleging excessive force against Defendant.  (ECF No. 6.)  Paul Liu serves as the Grievance Coordinator for the Fresno County Sheriff-Coroner's Office and is responsible for receiving, logging, assigning, and maintaining inmate grievance records.  (ECF No. 30-2, Declaration of Paul Liu ("Liu Decl.") ¶¶ 1-2.)  Mr. Liu reviewed the grievance records maintained by the Fresno County Sheriff's Office relating to Plaintiff.  (*Id.* ¶ 3.)  That review revealed no grievance submitted by Plaintiff related to this action.  (*Id.*)  Plaintiff also never filed a grievance while incarcerated at the Fresno County Jail.  (*Id.*)  Plaintiff's first amended complaint does not allege that Plaintiff attempted to file a grievance, was denied access to the grievance process, or was otherwise prevented from pursuing available administrative remedies prior to filing suit.   (ECF No. 6.)

### C.  Analysis

Based on the undisputed evidence, the Court finds that Plaintiff failed to exhaust his administrative remedies as to his excessive force claim against Defendant.

In support of the motion, Defendant submitted the declaration of Paul Liu, Grievance Coordinator for the Fresno County Sheriff-Coroner's Office, whose responsibilities included receiving, logging, assigning, and tracking grievances.  (Liu Decl. ¶¶ 1-2.)  According to Mr. Liu, he reviewed the grievance records maintained by the Fresno County Sheriff's Office, and he

---

[1] *See* Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment.  (ECF No. 30-1.)  Plaintiff did not oppose the motion for summary judgment and did not provide a separate statement of undisputed facts.  Local Rule 260(a).  As a result, Defendant's Statement is accepted except where brought into dispute by Plaintiff's verified first amended complaint.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).  Unless otherwise indicated, disputed and immaterial facts are omitted from this statement.

determined Plaintiff neither submitted a grievance related to the instant action nor filed a grievance while incarcerated at the Fresno County Jail. (*Id.* ¶ 3.)  Defendant has therefore met his burden to demonstrate that administrative remedies were available at the Fresno County Jail, and that Plaintiff failed to exhaust his administrative remedies.  Plaintiff has not attempted to establish a dispute by presenting evidence in opposition to the motion.  Plaintiff also has not demonstrated that generally available administrative remedies were effectively unavailable to him.  Plaintiff's first amended complaint does not allege that he attempted to file a grievance, was denied access to the grievance process, or was prevented from pursuing available administrative remedies prior to filing suit.  (ECF No. 6.)

For these reasons, the Court finds that no genuine dispute of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies and that Defendant is entitled to summary judgment.

### III.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1.  Defendant's motion for summary judgment for failure to exhaust, (ECF No. 30), be granted; and

2.  This action be dismissed, without prejudice.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 8, 2026**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE